UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-09-251 |
| | § | |
| MICHAEL TINDALL | § | |

## ORDER

Before the Court is Defendant Michael Tindall's ("Tindall") Notice of Experts to the Government (Doc. 46) and the Government's Motion in Limine to Exclude Anticipated Expert Testimony (Doc. 50). The Court held a *Daubert* hearing February 16 and 17, 2010 (Docs. 83 and 85). *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Among other experts, Tindall requested that Dr. Ronald P. Fisher ("Dr. Fisher"), a professor in the Department of Psychology at Florida International University in Miami, be permitted to testify as an expert regarding eyewitness and ear-witness identification. Dr. Fisher holds a Ph.D. in Experimental Psychology from Ohio State University.

At the *Daubert* hearing, Dr. Fisher testified regarding his research into cognitive processes relating to eyewitness memories. Specifically, Dr. Fisher testified that, based on his research, an eyewitness identification made while a person's face was occluded is not terribly accurate, and, furthermore, that it is less accurate than most people assume. Dr. Fisher stated that his expert opinion would assist the jury in assessing the reliability of eyewitness identifications made under such circumstances. However, Dr. Fisher was able to quantify the reliability of such identifications only where the person making the identification did not previously know the person being identified.

Under the facts alleged in this case, the bank tellers who were victims of the robbery and

Tindall's fellow Conroe police officers who reviewed the security video of the robbery (Government's Exhibit 1-1, Bank Surveillance Video) knew and worked with Tindall for many years prior to the robbery.  Dr. Fisher's research has not extended to such scenarios and he therefore declined to quantify the reliability of such identifications, other than to say he believed they would be somewhat more reliable.  Regarding ear-witness identification, Dr. Fisher testified that he was not personally an expert in that area, but, rather, would rely on the work of Prof. Daniel Yarmey of the University of Guelph in Ontario, in rendering his opinion testimony.  Following his testimony at the *Daubert* hearing, the Court concluded that, although Dr. Fisher is undoubtedly an expert in his field, under Rule 702 of the Federal Rules of Evidence, his opinion was not based on sufficient data to assist the jury in evaluating the accuracy of the contested witness identifications in this case.

At trial, Sgt. Jon Buckholtz ("Buckholtz") of the Conroe Police Department testified for the Government that he identified Tindall as the robber in the security video by the way the robber dressed, walked, moved, and gesticulated with his hands.  Tindall then asked the Court to reconsider its previous ruling barring Dr. Fisher from testifying.

"[J]urors using common sense and their faculties of observation can judge the credibility of an eyewitness identification, especially since deficiencies or inconsistencies in an eyewitness's testimony can be brought out with skillful cross-examination." *U.S. v. Harris*, 995 F.2d 532, 535 (4th Cir. 1993).  Further, the admissibility of such expert testimony has the potential to be substantially prejudicial under Federal Rule of Evidence 403.  The aura of expertise regarding the effect of facial occlusion on the reliability of an eyewitness identification where the parties never had prior contact could lead the jury to believe that such an identification is less reliable than it truly is, under circumstances where the parties are alleged to have had

extensive prior contact. See *U.S. v. Lester*, 254 F.Supp.2d 602, 608–09 (E.D. Va. 2003); *U.S. v. Rincon*, 28 F.3d 921, 925 (9th Cir. 1994); *U.S. v. Angleton*, 269 F.Supp.2d 868, 873 (S.D. Tex. 2003).

Because the proposed testimony is not based on sufficient scientific data for the expert's opinion to assist the jury in determining the accuracy of the witness identifications in this case, Tindall's motion to reconsider permitting Dr. Fisher to testify is hereby DENIED.

SIGNED at Houston, Texas, this 25th day of February, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE